IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tommy Allen Hutto,<br><br>           Plaintiff,<br><br>    v.<br><br>Robert M. Poiletman, Beverly A. Wood, Bryan P. Stirling,<br><br>           Defendants. | Case No. 8:23-cv-05154-JFA<br><br>**ORDER** |

This matter is before the court on Defendants' Motion for Summary Judgment. (ECF No. 77). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for initial review. Upon reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), suggesting that this court grant Defendants' Motion. (ECF No. 110). For the reasons set forth below, the court adopts the Report as set forth herein and grants Defendants' Motion for Summary Judgment. (ECF No. 77).

## I.    RELEVANT BACKGROUND

Plaintiff Tommy Allen Hutto is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") serving a life sentence for Burglary 1st Degree, as well as 30-year sentences for Armed Robbery and Criminal Sexual Misconduct 1st Degree. He brings this action *pro se* alleging deprivation of his civil rights by SCDC officials under 42 U.S.C. § 1983.

1

Plaintiff's claims stem from the prescription of the mental health medication Seroquel to him by SCDC medical providers. According to the Complaint, while in SCDC, Plaintiff was diagnosed with post-traumatic stress disorder and manic depression "because of a sexual assault and suicide attempt in 2010." (ECF No. 1 at 5–6). As a result, Plaintiff claims that he was placed on Seroquel by SCDC psychiatrists, namely Defendants Robert Poiletman and Beverly Wood. (*Id.*). Plaintiff alleges his use of Seroquel as prescribed by Defendants Poiletment and Wood from 2010 to 2021 caused him to develop diabetes. (*Id.*).[1] Plaintiff claims Defendants violated his "right to refuse medical treatment" under the Fourth Amendment, and committed "medical and mental health malpractice[,]" "medical indifference[,] and neglect" in violation of the Eighth Amendment. (*Id.* at 4). Plaintiff seeks compensatory damages and asks the court to stop SCDC from giving Seroquel to other inmates and make SCDC warn inmates of the medication's alleged side effects. (ECF No. 1 at 6).[2]

Defendants moved for summary judgment (ECF No. 77), and the Magistrate Judge issued the Report on January 31, 2025, recommending dismissal of Plaintiff's claims. (ECF No. 110). First, the Magistrate Judge found summary judgment warranted on Plaintiff's claims against Defendants in their official capacities based on Eleventh Amendment

---

[1] Plaintiff's handwritten notes on his medical records indicate he was diagnosed with diabetes in May 2021. (*See* ECF No. 100-1 at 1–3).

[2] The court dismisses Plaintiff's request for injunctive relief on behalf of other inmates as he has no standing to bring this claim. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–563 (4th Cir. 1977) (a *pro se* inmate does not have standing to sue on behalf of another inmate).

immunity. The Report also recommended dismissal of Plaintiff's claims based on his failure to exhaust administrative remedies under the Prison Litigation Reform Act, on qualified immunity grounds, and substantively for failure to state a claim. After the Magistrate Judge granted an extension, Plaintiff filed objections to the Report on March 18, 2025. (ECF No. 127). None of the defendants filed objections to the Report or responses to Plaintiff's objections. This matter is now ripe for the court's review.

## II.  STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the magistrate judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court may accept, reject, or modify the report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

An objection must be specific and must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL

3

6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the magistrate judge's report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Because Plaintiff is representing himself, each of these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

Plaintiff's objections to the Report's findings focus mainly on restating the factual background of the case and reasserting arguments raised in previous motions. Ultimately, Plaintiff fails to direct the court to any specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, given Plaintiff's *pro se* status, the court has

attempted to discern specific objections to the Report which are addressed below. The remainder of the Report will be reviewed for clear error.

A.     Defendant Stirling

As an initial matter, Plaintiff does not object to the Magistrate Judge's recommendation for dismissal of Defendant Stirling. The Magistrate Judge correctly found that Plaintiff fails to allege or present evidence to establish a claim under 42 U.S.C. § 1983 against Defendant Stirling. (ECF No. 110 at 13). Although Plaintiff names Stirling as a defendant, he does not make any specific allegations against him. Accordingly, Plaintiff's claims against Defendant Stirling are summarily dismissed.

B.     Defendant Poiletman

Plaintiff alleges Defendant Poiletman violated his constitutional rights under the Eighth and Fourteenth Amendments.[3] To establish a claim under the Eighth Amendment, Plaintiff must show: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Plaintiff's claims do not meet this standard.

Plaintiff alleges Defendant Poiletman was deliberately indifferent because he prescribed Seroquel causing Plaintiff to become diabetic. Although Plaintiff insists

---

[3] Plaintiff concedes he does not assert a supervisory claim against Defendant Poiletman. (ECF No. 127 at 11).

5

Seroquel caused him to develop diabetes, he offers no expert medical opinion supporting this contention. After Plaintiff was diagnosed with diabetes, records confirm medical staff became concerned about the possible side effects of Seroquel. On May 5, 2021, a nurse sent a message to Plaintiff's psychiatrist—Poiletman—noting a plan to "contact Dr. Politeman [sic] to evaluate some [of Plaintiff's] anti-psychotics that might be contributing to this issue." (ECF No. 100-1 at 8). On September 14, 2021, Plaintiff's psychiatrist discontinued Seroquel and started him on another medication "as it does not increase the blood sugar and blood fats as much as Seroquel." (*Id.* at 3). There is no evidence, however, that Seroquel caused Plaintiff to become diabetic. In fact, the only expert medical evidence in the record refutes this contention. Specifically, Defendant Wood states in her affidavit that after reviewing Plaintiff's medical records, she believes to a reasonable degree of medical certainty that "it is highly unlikely that Seroquel caused Plaintiff's diabetes." (ECF No. 77-4 at 2). She further states "[o]ther factors likely caused Plaintiff's diabetes including but not limited to family history, Patient's lifestyle, Patient's weight, and severe mental illness." (*Id.*).

Plaintiff ultimately fails to present evidence to support a rational jury's finding in his favor for his Eighth Amendment claim against Defendant Poiletman. In fairness to Plaintiff, who challenges Poiletman's veracity, Poiletman's affidavit does state he discontinued Seroquel because Plaintiff asked him to, despite multiple psychiatric notes in the record explicitly stating otherwise. (*See* ECF No. 100-1 at 1–3, 7). However, even assuming Poiletman changed Plaintiff's medication because of the possible impact on Plaintiff's blood sugar and lipids, Plaintiff's claim would be for negligence or medical

6

malpractice, not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Simply stated, Plaintiff fails to state a claim for violation of his Eighth Amendment rights based on Poiletman's prescription of Seroquel.

Plaintiff's Fourteenth Amendment claim for violation of his right to refuse medical treatment also fails. Plaintiff does not allege he was forcibly given psychiatric medication or that he refused such medication. Instead, Plaintiff maintains he was not given "sufficient information to exercise these rights intelligently." (ECF No. 100 at 3). Although the Fourth Circuit appears to recognize a Fourteenth Amendment right to refuse medical treatment (*see Simms v. Bair*, 249 F. App'x 975, 976 (4th Cir. 2007)), it has not explicitly addressed the concomitant right to information necessary to make an informed decision to accept or reject proposed treatment. And other circuits recognizing such a right have espoused several limitations that would bar Plaintiff's claims here. *See, e.g.*, *Knight v. Grossman*, 942 F.3d 336, 342–43 (7th Cir. 2019) (right to medical information can give way to countervailing state interest); *Dykeman v. Ahsan*, 560 F. App'x 129, 132 (3d Cir. 2014) (medical staff "simply must provide a prisoner with such information as a reasonable patient would find necessary"); *Pabon v. Wright*, 459 F.3d 241, 251 (2d Cir. 2006) (prisoner must show that, had he received information not given to him, he would have exercised his right to refuse the proposed treatment). Importantly, such claims still require a showing of deliberate indifference, though the indifference is to the prisoner's right to refuse treatment rather than to his serious medical needs. *See Knight*, 942 F.3d at 343.

Plaintiff does not present argument or evidence sufficient to establish Defendant Poiletman was deliberately indifferent to his right to refuse treatment. Notably, the record does not even support the inference that Defendant Poiletman was the original prescriber of the medication. Poiletman avers he was not the original prescriber of Seroquel to Plaintiff, he merely continued Plaintiff's prescription from a previous provider. (ECF No. 77-5 at 2–3). Plaintiff does not present any evidence to the contrary, and conceded in his deposition that he did not know who originally prescribed the medication. (ECF No. 77-3, Hutto Dep. 15:2–5).

Additionally, Plaintiff has not presented evidence to show that development of diabetes was a known side effect of the medication or the frequency of such a side effect in other patients. And failure to warn of insubstantial risks does not amount to deliberate indifference. *See Burgess v. Mar*, 395 F. App'x 368 (9th Cir. 2010) ("failure to warn [plaintiff] of the potential side effects of pain medication constitute[s] negligence at most, and not deliberate indifference"); *Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (physician's alleged failure to inform inmate of medication's side effects amounts to nothing more than negligence); *Houck v. Schelinase*, No. GJH-18-2880, 2019 WL 1493312, at *4 (D. Md. April 4, 2019) (failure to obtain informed consent form regarding side effects of medication does not rise to level of deliberate indifference). Defendants have presented evidence in the form of Defendant Wood's testimony that other factors likely caused Plaintiff to develop diabetes. (ECF No. 77-4 at 2). And Plaintiff has not produced any evidence to support his claim that Seroquel, as opposed to other factors, caused him to

8

develop diabetes. A reasonable factfinder could not simply presume, without evidence, that Seroquel caused Plaintiff to develop diabetes. Therefore, neither can the court.

In effect, Plaintiff wages claims against Defendant Poiletman for medical malpractice related to the Seroquel prescription and negligence based on the alleged failure to obtain informed consent. Neither claim rises to the level of a constitutional violation. *See McLean v. Casino*, No. 5:13-CT-3065-FL, 2014 WL 4384037, at *4 (E.D.N.C. Sept. 3, 2014) (dismissing prisoner's Eighth Amendment claim that he was not informed of all the risks of prostate surgery), *aff'd*, 589 F. App'x 214 (4th Cir. 2015); *Fishback v. Dep't of Pub. Safety & Corr. Servs.*, No. JFM-07-1883, 2008 WL 7730383, at *1 n.5 (D. Md. Sept. 17, 2008) ("Plaintiff's claim that he was not advised of the risks of the surgery and that the surgeons who performed the surgery committed malpractice are claims which sound in tort."), *aff'd*, 325 F. App'x 188 (4th Cir. 2009).

Ultimately, the court agrees with the Magistrate Judge's finding that Plaintiff fails to support his claims against Defendant Poiletman. Plaintiff's objections to the contrary are overruled.

C.  Defendant Wood

The lack of support for Plaintiff's claims against Poiletman discussed above also doom his claims against Defendant Wood. Plaintiff's alleges Defendant Wood violated his rights based on her position as the chief psychiatrist at SCDC. To state a clam for supervisory liability under § 1983, Plaintiff is required to demonstrate Wood had actual or constructive knowledge that her subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. *Shaw v. Stroud*, 13

F.3d 791, 799 (4th Cir. 1994). As discussed above, Plaintiff fails to present evidence that Poiletman was engaged in such conduct. Nor has Plaintiff presented evidence that Wood had actual or constructive knowledge of wrongful behavior. As the Magistrate Judge explained, Plaintiff's evidence does not illustrate a genuine issue of fact to survive summary judgment on Plaintiff's supervisory liability claim against Wood.

Similarly, Plaintiff fails to support his direct liability claim against Defendant Wood. Apparently objecting to the Report's recommendation that the court summarily dismiss Plaintiff's direct liability claim against Defendant Wood, Plaintiff insists he has provided "record evidence that shows she disregarded blood lipid medical tests that she herself ordered on numerous occasions[.]" (ECF No. 127 at 10). Plaintiff does not cite to such evidence, and the court can only locate one test result apparently ordered by Defendant Wood. (ECF No. 100-1 at 19). Plaintiff goes on to opine that Wood "alone" approved prescription of Seroquel, knew that Seroquel was linked to diabetes, and she had full control of Plaintiff being allowed to take Seroquel. (ECF No. 127 at 10). Other than Defendant Wood's name on one test result, no record evidence exists to support any of these contentions. In an affidavit, Wood testified that she was never assigned to be Plaintiff's psychiatrist, never prescribed him Seroquel, and was not his primary treating physician. (ECF No. 77-4 at 2–3). The only evidence presented to contradict Wood's statement is Plaintiff's deposition testimony that Wood "was the supervisor at the time I was on Seroquel[,]" (ECF No. 77-3, Hutto Dep. 27:22–23), and an August 25, 2011, blood test result apparently ordered by Wood. Absent supporting evidence, Plaintiff's conclusory

allegations are not enough to support a claim against Defendant Wood. Accordingly, the court agrees with the Magistrate Judge's finding that these claims are subject to dismissal.

D.     Remaining Objections

Plaintiff also argues that the Magistrate Judge's issuance of the Report was improper under Federal Rule of Civil Procedure 56(d) because Plaintiff has not received necessary discovery responses from Defendants—namely the M-107 form consenting to treatment. (ECF No. 127 at 3). The record demonstrates that the Magistrate Judge addressed Plaintiff's discovery complaints on several occasions, (ECF Nos. 64, 91, 108), including substantively in the Report, (ECF No. 110 at 23). In the Report, the Magistrate Judge correctly found that Plaintiff failed to show the relevant discovery is necessary to support his claims. *See Gordan v. CIGNA Corp.*, 890 F.3d 463, 478 (4th Cir. 2018) (denial of Rule 56(d) motion appropriate where plaintiff "had a reasonable opportunity" to conduct discovery, and failed to "identify any specific information that would create a genuine dispute of material fact."). The court adopts the Magistrate Judge's finding on this issue.

Plaintiff does not assert any additional arguments or reasoning to support his objections to the Report. The court notes the Report provides alternative grounds for granting Defendants' Motion for Summary Judgment. At bottom, however, the court agrees that Plaintiff fails to present any evidence to support his claims as set forth herein. Accordingly, the court hereby adopts the Report and Recommendation on this basis and declines to adopt the remaining findings in the Report.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment (ECF No. 77) is granted, all other pending motions (ECF Nos. 116 & 117) are dismissed as moot, and this case is dismissed with prejudice.

IT IS SO ORDERED.

April 30, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge